**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **APPLIED MATERIALS, INC., a Delaware Corporation,** | **NO. 1:17-CV-986** |
| **Plaintiff,** | |
| **v.** | |
| **BALANCEWORX, INC., a Texas Corporation,** | **Jury Trial Demanded** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Applied Materials, Inc. ("Applied") hereby complains and alleges against Balanceworx, Inc. ("Balanceworx") as follows:

### NATURE OF ACTION

1.      This is an action for permanent injunctive relief and damages arising out of: (1) Balanceworx's infringement of Applied's copyrighted computer software, in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act"); (2) Balanceworx's circumvention of technological measures that effectively control access to Applied's copyrighted software; and (3) Balanceworx's distribution of technologies that circumvent these technological measures designed to protect Applied's rights under the Copyright Act, in violation of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 *et seq.* ("DMCA").

### PARTIES

2.      Applied is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business in Santa Clara, California.

3.      Applied provides manufacturing equipment, services and software to the global semiconductor, display and related industries. Applied has substantial worldwide operations and manufacturing facilities located in Austin, Texas.

4.      Upon information and belief, Balanceworx is a corporation duly organized and existing under the laws of the State of Texas and has its principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

5.      This action arises under the Copyright Act and the DMCA.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Balanceworx because, upon information and belief, its principal place of business is in Austin, Texas, and because it has systematically conducted and does conduct business within the State of Texas and the Western District of Texas.

7.      Venue in this district is appropriate under 28 U.S.C. §§ 1391 and 1400 because Balanceworx has its principal place of business in the State of Texas, and because a substantial part of the events giving rise to the dispute occurred in the Western District of Texas.

## FACTUAL BACKGROUND

8.      Applied is the global leader in precision materials engineering solutions for the semiconductor, flat panel display and solar photovoltaic industries.  Each year, it invests more than one billion dollars to develop technologies that enable improvements to and innovations in smartphones, flat panel displays, electronic chips, and solar cells, making consumer electronics more affordable and accessible to consumers and businesses around the world.   In the semiconductor manufacturing industry, Applied designs state-of-the art systems used to fabricate

semiconductor chips or "chips."  These systems are used by integrated device manufacturers and foundries to build smaller, faster, and more functional chips to meet the demands of today's mobile and wearable technologies. Applied's customers include manufacturers of a wide variety of products, including semiconductor wafers and integrated circuits or "chips."  Applied has substantial worldwide operations and manufacturing facilities located in Austin, Texas, with its headquarters located in Santa Clara, California.

9.      Applied has invested hundreds of millions of dollars and enormous amounts of time in the research, development, design, and refinement of the equipment, services and software it creates for the semiconductor industry.  This investment has been necessary to design the extraordinarily sophisticated equipment and software that will satisfy the high standards of performance, reliability, and safety that are required by Applied's customers in the semiconductor manufacturing industry.  Applied's commitment to quality and innovation has enabled it to become the world's leading manufacturer of semiconductor fabrication equipment.

***CMP – Mirra Mesa***

10.      Chemical mechanical planarization or "CMP" is an important technique in the fabrication of semiconductors.  This method uses a combination of chemical slurries and physical abrasion to polish silicon wafers to produce extremely flat and particle-free surfaces that can be used to fabricate semiconductors.

11.      At issue in this lawsuit are Applied's CMP systems, namely the Mirra® MESA CMP 150mm/200mm.  Mirra® refers to a line of Applied systems used to polish silicon wafers. MESA is a related Applied system used to clean silicon wafers.  The "150mm" and "200mm" (millimeters) refer to the size of silicon wafer the systems process.

---

12.     The Mirra® and MESA systems are operated using a controller, a computer device that runs proprietary software developed by Applied that enables its customers to use the Mirra® and MESA systems to polish and clean silicon wafers in a manner customized to their needs (hereafter, "Controller").

13.     The Controller runs an embedded version of the Microsoft Windows operating system that Applied licenses from Microsoft for distribution to Applied customers.  At various times, the Controller has run Windows NT, Windows XP, and Windows 7.

14.     The Controller also runs Applied's proprietary software that operates the Mirra® and MESA.  This software is designed to run only on a specific version of Windows that is running on the Controller.  Version 8.1 of the Mirra® software and version 3.2 of the MESA software are designed to run on Windows XP.

15.     Pursuant to the Copyright Act, Applied owns the copyrights in the Mirra® and MESA software, including version 8.1 of the Mirra® software and version 3.2 of the MESA software.

16.     Applied has registered its copyrights for version 8.1 of the Mirra® software and version 3.2 of the MESA software with the United States Copyright Office.  True and correct copies of Applied's copyright registrations for version 8.1 of the Mirra® software and version 3.2 of the MESA software are attached as Exhibits A and B, respectively.

17.     Applied licenses object code copies of its Mirra® and MESA software to customers buying its Mirra® MESA CMP 150mm/200mm systems pursuant to standard license terms and conditions.  Applied does not sell copies of its software to its customers.  The license grant permits and is expressly conditioned upon Applied customers using the Mirra® and MESA software only with Applied's equipment.

18.     The Mirra® MESA CMP 150mm/200mm and the Mirra® and MESA software also employ technological measures that protect the systems and control access to the software. Specifically, certain portions of the software (*i.e.*, features and performance upgrades) can be accessed only if the customer has a license to do so.   The software license is connected to a specific system.   These security mechanisms are designed to prevent access to and use of the software features on a different system, including a different Controller.   On an unauthorized Controller, the Mirra® and MESA software features will not work under conditions of ordinary operation.

### *Balanceworx Circumvents Applied's Security Measures and Applied's Software is Copied*

19.     Balanceworx offers services to refurbish Applied Mirra® MESA CMP 150mm/200mm systems.   As part of these services, Balanceworx changes a number of hardware components on the Mirra® MESA CMP 150mm/200mm system, including the "VME board." Upon information and belief, the "VME board" hardware is part of the Controller.

20.     Upon information and belief Balanceworx copies the Mirra® and/or MESA software to new Controller equipment.

21.     The VME board Balanceworx purports to replace in the Controller is not authorized under the license to run on the original Applied's Mirra® MESA CMP 150mm/200mm Controller system.   Because of Applied's security mechanism, the Mirra® and MESA software should not function on the Balanceworx VME board.

22.     The Mirra® and MESA software still functions after Balanceworx refurbishes a Mirra® MESA CMP 150mm/200mm system by installing the VME board in the Controller.

23.     Upon information and belief, Balanceworx causes the Mirra® and MESA software to operate on refurbished Mirra® MESA CMP 150mm/200mm systems by "spoofing"

the identity of the VME board, thus causing it to misidentify itself as the Applied Controller, and thereby circumventing technological measures used by Applied to effectively control access to Applied's proprietary and copyrighted software.

24.     Upon information and belief, Balanceworx has refurbished numerous Mirra® MESA CMP 150mm/200mm systems for Applied customers in the U.S. and Europe in the manner described above.

## FIRST CLAIM FOR RELIEF

### Circumvention of Technological Measures

### DMCA, 17 U.S.C. § 1201(a)(1)

25.     Applied hereby restates and re-alleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

26.     Section 1201(a)(1) provides, in pertinent part, that no person shall circumvent a technological measure that effectively controls access to a work protected under Title 17 of the United States Code.

27.     Applied's Mirra® and MESA software, including version 8.1 of the Mirra® software and version 3.2 of the MESA software, are subject to protection under the Copyright Act.

28.     Access to Applied's Mirra® and MESA software is controlled, in part, by technological measures: namely, file-based permissions tied to unique hardware identification information.

29.     Upon information and belief, as part of its Mirra® MESA CMP 150mm/200mm refurbishment process, Balanceworx replaces hardware within the Controller in a way that

misrepresents—or spoofs—itself as an original hardware part of an Applied Mirra® MESA CMP 150mm/200mm Controller.

30.     Upon information and belief, this "spoofing" allows a Mirra® MESA CMP 150mm/200mm refurbished by Balanceworx to circumvent the file-based permissions tied to unique hardware identification information designed to effectively control access to the Mirra® and MESA software.

31.     The conduct described above constitutes a violation of 17 U.S.C. § 1201(a)(1) and has caused Applied harm and damages.

32.     The conduct described above was willful and with knowledge of wrongdoing; an award of statutory damages is necessary to dissuade Balanceworx and others from "spoofing" hardware identification information to circumvent technological measures that effectively control access to copyrighted works.

33.     Accordingly, pursuant to 17 U.S.C. § 1203, Applied is entitled to and hereby demands actual damages in an amount to be proven at trial or statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

34.     Applied is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

35.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Applied is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Balanceworx will continue to circumvent technological measures that effectively control access to Applied's Mirra® and MESA software.

Pursuant to 17 U.S.C. § 1203, Applied is entitled to permanent injunctive relief to restrain and enjoin Balanceworx's violations of § 1201(a)(1).

<u>**SECOND CLAIM FOR RELIEF**</u>

**Trafficking in Technology that Circumvents a Technological Measure**

**DMCA, 17 U.S.C. § 1201(a)(2)**

36.     Applied hereby restates and re-alleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

37.     Applied's Mirra® and MESA software, including version 8.1 of the Mirra® software and version 3.2 of the MESA software, are subject to protection under the Copyright Act.

38.     As set forth above, Balanceworx manufactures, offers to the public or otherwise traffics in VME boards used in Controllers for Applied's Mirra® MESA CMP 150mm/200mm that, among other things, misidentify themselves as Applied hardware.  These VME boards accomplish this misidentification using "spoofed" hardware identification information that is identical to actual Applied hardware.  Balanceworx thereby circumvents the file-based security measures designed to effectively control access to the Mirra® software version 8.1 and MESA software version 3.2.

39.     Balanceworx offers to the public or otherwise traffics a refurbishment service, which includes replacing VME boards used in Controllers for Applied's Mirra® MESA CMP 150mm/200mm that, among other things, misidentify themselves as Applied hardware.  As noted, these VME boards accomplish this misidentification using "spoofed" hardware identification information that is identical to actual Applied hardware.  Balanceworx thereby

circumvents the file-based security measures designed to effectively control access to the Mirra®
software version 8.1 and MESA software version 3.2.

40.     Balanceworx's spoofing of the hardware identification information of VME
boards is designed and performed for the sole purpose of circumventing Applied's file-based
security measures to access Applied's proprietary software without Applied's permission.

41.     Balanceworx's spoofing the hardware identification information of its VME
boards has no other commercially significant purpose or use, other than to circumvent Applied's
file-based security measures to access Applied's proprietary software without Applied's
permission.

42.     Balanceworx markets its VME boards, or refurbishment services that accomplish
such spoofing, with knowledge that customers will use the device or service to circumvent
Applied's file-based security measures and access Applied's proprietary software features
without authorization.

43.     The conduct described above constitutes a violation of 17 U.S.C. § 1201(a)(2) and
has harmed and damaged Applied.

44.     The conduct described above was willful and with knowledge of wrongdoing; an
award of statutory damages is necessary to dissuade Balanceworx and others from
manufacturing, importing, offering to the public, providing, or otherwise trafficking
technologies, products, services, devices, components, or parts thereof, that spoof hardware
identification information to circumvent technological measures that effectively control access to
copyrighted works.

45.     Accordingly, pursuant to 17 U.S.C. § 1203, Applied is entitled to and hereby demands actual damages in an amount to be proven at trial or statutory damages in the maximum amount of $2,500 for each of the violations of the statute.

46.     Applied is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

47.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Applied is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Balanceworx will continue to manufacture, offer to the public, or otherwise traffic in products or services that circumvent technological measures that effectively control access to Applied's Mirra® and MESA software.  Pursuant to 17 U.S.C. § 1203, Applied is entitled to preliminary and permanent injunctive relief to restrain and enjoin Balanceworx's violations of § 1201(a)(2).

## THIRD CLAIM FOR RELIEF

### Trafficking in Technology that Circumvents a Technological Measure

### DMCA, 17 U.S.C. § 1201(b)(1)

48.     Applied hereby restates and re-alleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

49.     Applied's Mirra® and MESA software, including version 8.1 of the Mirra® software and version 3.2 of the MESA software, are subject to protection under the Copyright Act.

50.     Balanceworx manufactures, offers to the public or otherwise traffics in replacement VME boards used in Controllers for Applied's Mirra® MESA CMP

150mm/200mm that, among other things, misidentify themselves as Applied hardware. Balanceworx thereby circumvents the file-based security measures designed to effectively protect a right of a copyright owner under the Copyright Act with respect to the Mirra® software, including version 8.1, and MESA software, including version 3.2. Specifically, by using spoofing to circumvent file-based security measures, Balanceworx undermines Applied's rights to control the reproduction and distribution of its software.

51.     Balanceworx also offers to the public or otherwise traffics a refurbishment service, which includes replacing VME boards used in Controllers for Applied's Mirra® MESA CMP 150mm/200mm that, among other things, misidentify themselves as Applied hardware. Balanceworx thereby circumvents the file-based security measures designed to effectively protect a right of a copyright owner under the Copyright Act with respect to the Mirra® software, including version 8.1, and MESA software, including version 3.2. Specifically, by trafficking in spoofing to circumvent file-based security measures as part of its refurbishment service, Balanceworx undermines Applied's rights to control the reproduction and distribution of its software.

52.     Balanceworx's spoofing of the hardware identification information of its VME boards has no other commercially significant purpose or use, other than to circumvent Applied's file-based security measures to reproduce or distribute copies of Applied's proprietary software without Applied's permission.

53.     The conduct described above violates 17 U.S.C. § 1201(b)(1) and has caused harm and damages to Applied.

54.     The conduct described above was willful and with knowledge of wrongdoing; an award of statutory damages is necessary to dissuade Balanceworx and others from

manufacturing, importing, offering to the public, providing, or otherwise trafficking technologies, products, services, devices, components, or parts thereof, that spoof hardware identification information to circumvent technological measures that effectively protect a right of a copyright owner under the Copyright Act.

55.     Accordingly, pursuant to 17 U.S.C. § 1203, Applied is entitled to and hereby demands actual damages in an amount to be proven at trial or statutory damages in the maximum amount of $2,500 for each violation of the statute.

56.     Applied is further entitled to an award of attorneys' fees and costs as provided under 17 U.S.C. § 1203.

57.     Balanceworx's conduct, unless enjoined and restrained by the Court, will cause irreparable harm to Applied, which has no adequate remedy at law.   Pursuant to 17 U.S.C. § 1203, Applied is entitled to a preliminary and permanent injunction prohibiting further violations of § 1201.

58.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.   Applied is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Balanceworx will continue to manufacture, offer to the public, or otherwise traffic in products or services that circumvent technological measures designed to effectively protect Applied's rights under the Copyright Act with respect to the Mirra® and MESA software.   Pursuant to 17 U.S.C. § 1203, Applied is entitled to preliminary and permanent injunctive relief to restrain and enjoin Balanceworx's violations of § 1201(b)(1).

## FOURTH CLAIM FOR RELIEF

### Copyright Infringement (17 U.S.C. §§ 106, 501) Against Balanceworx

59.     Applied hereby restates and re-alleges the allegations set forth in paragraphs 1 through 24 above and incorporates them by reference.

60.     Applied is the owner of the copyrights in Mirra® and MESA software.

61.     Upon information and belief, Balanceworx copied and distributed Applied's Mirra® and MESA software without authorization during the process of installing VME boards, either by copying the software itself or by directing others to do so without authorization.

62.     Balanceworx thereby infringed Applied's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

63.     Balanceworx's acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Applied's rights.

64.     As a direct and proximate result of said infringement by Balanceworx, Applied is entitled to damages in an amount to be proven at trial.

65.     Applied is also entitled to Balanceworx's profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

66.     Applied further is entitled to attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

67.     As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Applied is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Balanceworx will continue to infringe

Applied's rights in the Mirra® and MESA software.  Applied is entitled to permanent injunctive relief to restrain and enjoin Balanceworx's continued infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Applied prays for judgment against Balanceworx as follows:

A.     Entry of judgment in favor of Applied against Balanceworx;

B.     An order awarding Applied statutory and/or actual damages for each instance in which Balanceworx circumvented measures controlling access to Applied's software pursuant to 17 U.S.C. §§ 1201(a)(1) and 1203;

C.     An order awarding Applied statutory and/or actual damages for each instance on which Balanceworx trafficked in a technology, product, service, device, component or part thereof that is primarily designed or produced to circumvent measures controlling access to Applied's software pursuant to 17 U.S.C. §§ 1201(a)(2) and 1203;

D.     An order awarding Applied statutory and/or actual damages for each instance on which Balanceworx trafficked in a technology, product, service, device, component or part thereof that is primarily designed or produced to circumvent measures protecting Applied's rights of a copyright owner under the Copyright Act in Applied's software pursuant to 17 U.S.C. §§ 1201(b)(2) and 1203;

E.     An order awarding Applied its actual damages resulting from Balanceworx's continued copyright infringement, as well as Balanceworx's profits attributable to the continuing copyright infringement to the extent not duplicative of actual damages;

F.     Prejudgment and post-judgment interest;

G.     An order awarding Applied its costs and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203, or other applicable law;

H.     An order for an accounting of all gains, profits, cost savings and advantages realized by Balanceworx from its acts;

I.     An order permanently enjoining Balanceworx, its officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from circumventing or aiding and abetting others to circumvent Applied's technological measures that control access to its copyrighted works or protect its rights of a copyright owner under the Copyright Act in violation of 17 U.S.C. § 1201;

J.     An order preliminarily and permanently enjoining Balanceworx, its officers, agents, servants, employees, attorneys, and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with them, from continued acts of infringement of Applied's copyrights; and

K.     All such further and additional relief, in law or equity, to which Applied may be entitled or which the Court deems just and proper.

Dated: October 16, 2017

> **WEISBART SPRINGER HAYES LLP**
> 212 Lavaca Street, Suite 200
> Austin, Texas  78701
> 512.652.5780
> 512.682.2074 fax
>
> By:  /s/ Sherrard (Butch) Hayes
>        Sherrard (Butch) Hayes
>        State Bar No. 00784232
>        shayes@wshllp.com
>
> **ATTORNEYS FOR PLAINTIFF**
> **APPLIED MATERIALS, INC.**

## DEMAND FOR JURY TRIAL

Applied hereby demands trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure.


Dated: October 16, 2017


        **WEISBART SPRINGER HAYES LLP**
        212 Lavaca Street, Suite 200
        Austin, Texas  78701
        512.652.5780
        512.682.2074 fax

        By:  /s/ Sherrard (Butch) Hayes
             Sherrard (Butch) Hayes
             State Bar No. 00784232
             shayes@wshllp.com

        **ATTORNEYS FOR PLAINTIFF**
        **APPLIED MATERIALS, INC.**

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

**TXu 2-049-884**

**Effective Date of Registration:**
October 02, 2017

---

## Title

**Title of Work:** Mirra, version 8.1

## Completion/Publication

**Year of Completion:** 2015

## Author

- **Author:** Applied Materials, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States

- **Author:** Applied Materials India Private Limited
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** India

## Copyright Claimant

**Copyright Claimant:** Applied Materials, Inc.
3050 Bowers Avenue, P.O. Box 58039, Santa Clara, CA, 95054-3299, United States
**Transfer statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** computer program, Prior unregistered and unpublished versions of Mirra computer program, dated 1997–2015, owned by Applied Materials, Inc.

**New material included in claim:** computer program

## Rights and Permissions

**Organization Name:** Applied Materials, Inc.
**Name:** Elizabeth C. McBride, Esq.
**Email:** elizabeth_mcbride@amat.com
**Telephone:** (408)235-4519

**Address:** 3225 Oakmead Village Drive
MS 1267
Santa Clara, CA 95052 United States

## Certification

**Name:** Adeline Yu
**Date:** October 02, 2017
**Applicant's Tracking Number:** 1021-434

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kayn Tayle Clayett*

Acting United States Register of Copyrights and Director

**Registration Number**

# TXu 2-049-885

**Effective Date of Registration:**
October 02, 2017

---

## Title

**Title of Work:** MESA, version 3.2

## Completion/Publication

**Year of Completion:** 2015

## Author

- **Author:** Applied Materials, Inc.
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** United States

- **Author:** Applied Materials India Private Limited
  **Author Created:** computer program
  **Work made for hire:** Yes
  **Citizen of:** India

## Copyright Claimant

**Copyright Claimant:** Applied Materials, Inc.
3050 Bowers Avenue, P.O. Box 58039, Santa Clara, CA, 95054-3299, United
States
**Transfer statement:** By written agreement

## Limitation of copyright claim

**Material excluded from this claim:** Prior unregistered and unpublished versions of MESA computer program, dated
1999–2015, owned by Applied Materials, Inc.

**New material included in claim:** computer program

## Rights and Permissions

**Organization Name:** Applied Materials, Inc.
**Name:** Elizabeth C. McBride, Esq.
**Email:** elizabeth_mcbride@amat.com
**Telephone:** (408)235-4519

**Address:** 3225 Oakmead Village Drive
MS 1267
Santa Clara, CA 95052 United States

## Certification

**Name:** Adeline Yu
**Date:** October 02, 2017
**Applicant's Tracking Number:** 1021-434